# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* YARBROUGH, Minors.

FOR PUBLICATION
January 19, 2016

Nos. 326170; 326171
Wayne Circuit Court
Family Division
LC No. 14-516963-NA

Before: JANSEN, P.J., and CAVANAGH and GLEICHER, JJ.

JANSEN, J. (*concurring*).

I concur in the majority opinion. I write separately to emphasize that the holding in this case is inherently fact-specific and does not require authorization of expert witness funding in every termination case involving allegations of abuse or neglect or in every case in which the respondent cannot afford to consult with an expert witness. Expert witness funding is necessary in this case since there were two conflicting theories regarding the cause of JPY's injuries. The St. John Hospital testing revealed no evidence of injuries in the brain, while the Children's Hospital testing revealed severe injuries and abnormalities indicative of abuse. As noted by the majority, the medical records indicated a "profoundly important contradiction," and respondents' attorneys could not resolve or understand the contradiction without expert assistance.

However, the reasoning in this case does not extend to all termination cases in which the petitioner alleges abuse or neglect or the respondent cannot afford to consult an expert witness. Instead, in each case in which a respondent requests expert witness funding, the chief judge must employ the *Eldridge* due-process test to determine whether to authorize reasonable expert witness funding based on the facts of the case at hand. See *Mathews v Eldridge*, 424 US 319, 334; 96 S Ct 893; 47 L Ed 2d 18 (1976) ("(D)ue process is flexible and calls for such procedural protections *as the particular situation demands*.") (emphasis added). I respectfully concur.

/s/ Kathleen Jansen

-1-